**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLANCA ESTELA GOMEZ DE PALMA, | No. 23-2339 |
| Petitioner, | Agency No. A206-254-786 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Blanca Estela Gomez De Palma, a citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, which "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Whether a particular social group ("PSG") is cognizable is a legal question we review de novo. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). "Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (internal citation omitted). We deny the petition for review.

Substantial evidence supports the agency's finding that Gomez did not belong to her PSG of "victims of domestic violence who the police and civil authorities know are being abused based on filed complaints yet are unable or unwilling to protect the victims from their predators" because the police did respond to her complaints of abuse by her ex-husband Noe. Additionally, this PSG, and the further definition of victims as "those abused by domestic partners where police complaints are processed" are impermissibly circular, as the PSG does not exist independently of the alleged underlying harm. *Diaz-Reynoso*, 968 F.3d at 1086. The lack of a cognizable PSG to which Gomez belongs supports the agency's denial of her applications for both asylum and withholding of removal.

Substantial evidence supports the agency's denial of protection under the

regulations implementing the Convention Against Torture ("CAT"). Though the IJ found the abuse Gomez suffered amounted to torture, Gomez has not demonstrated that the government did or would acquiesce. The police responded when called about Noe's abuse of Gomez, searched for him, and detained him. While Gomez notes the response from the police was not consistent or adequate to ensure the domestic violence ended, ineffectiveness on the part of the government is insufficient to show acquiescence. *B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**